UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sherwin L. McFadden, #261189, | Case No. 4:23-cv-3695-TLW |
| PLAINTIFF | |
| v. | |
| South Carolina Department of Corrections, Martyna Tanaisha Green, Shanekia Dickerson, Taunjanese Nicole Meggett, and Anthony Tishiro Inabinette, | **ORDER** |
| DEFENDANTS | |

Plaintiff Sherwin L. McFadden proceeding pro se and in forma pauperis, brings this civil action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTA"). ECF No. 1. Id. Plaintiff is a South Carolina state inmate incarcerated at the Broad River Correctional Facility in Columbia, South Carolina. *Id.* On July 31, 2023, Plaintiff filed this action against the South Carolina Department of Corrections ("SCDC") and above-named Defendant-Officers, who were previously SCDC employees. Id. The Defendant-Officers were terminated in 2021 and criminally charged for attempting to smuggle tobacco products into the SCDC's Broad River Correctional Institution. Id. Plaintiff asserts that his Eighth Amendment rights under the United States Constitution were violated because of the Defendant-Officers' smuggling of tobacco products. ECF No. 1. Specifically, he asserts that the smuggled tobacco products exposed him to dangerous levels of secondhand tobacco smoke during his time in SCDC custody. Id.

Plaintiff's complaint was referred to the Honorable Thomas E. Rogers, III,

United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). After Plaintiff filed his complaint, the Magistrate Judge reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A to determine if it was subject to summary dismissal. Following his review, the Magistrate Judge issued a Report and Recommendation finding that Plaintiff's complaint fails to state a claim upon which relief can be granted. ECF No. 8. Specifically, the Report found that "Plaintiff here has failed to state a claim upon which relief can be granted because from Plaintiff's own factual allegations the tobacco attempted to be smuggled into Broad River by Defendants did not reach the [secondhand] smoke phase as it was never actually smoked and had already been intercepted by SCDC Officials. Id. at 4. Moreover, the Report finds that Plaintiff's complaint "does not allege plausible facts about his exposure to unacceptable levels of [secondhand smoke], only conclusory allegations . . . Plaintiff does not allege when, where, or how often he was exposed to [secondhand smoke] . . . by Plaintiff's allegations, SCDC officials intercepted Defendants' tobacco and it was never smoked." Id. at 5 (citations omitted). Thus, the Report recommends dismissing Plaintiff's § 1983 claim for failure to state a claim. Id. Additionally, it recommends that this Court decline from exercising supplemental jurisdiction over Plaintiff's SCTA claim." Id. at 6.

The Magistrate Judge's Report was issued on August 16, 2023. Id. In response, Plaintiff requested additional time to file objections. ECF No. 10. The Court granted his request, giving him until October 20, 2023, to file his objections. ECF No. 11. On October 16, 2023, Plaintiff filed a motion to supplement his

pleadings and a motion to amend his complaint. ECF Nos. 16 & 17. These motions seek to correct his complaint by removing two of the defendant-officers and adding two more SCDC officers. Id. He has provided a proposed amended complaint. ECF No. 17–2. Plaintiff also timely filed objections to the Report on October 16, 2023. ECF No. 15. His objections reiterate his request to amend his complaint. ECF No. 15.

The Court has thoroughly reviewed the record. Presently pending are the Magistrate Judge's Report, Plaintiff's objections, Plaintiff's motion to amend, and Plaintiff's motion to supplement his pleadings. As noted, the Report is based on Plaintiff's failure to state a claim because (1) his complaint does not allege that the smuggled tobacco products reached the secondhand smoke phase, and (2) it does not plausibly allege when, where, or how often Plaintiff was exposed to secondhand smoke. Plaintiff objects to the Report and seeks to both amend his complaint and supplement his pleadings in order to address the deficiencies identified in the Report. These motions were filed before the deadline for objections to the Report had expired. As noted, Plaintiff has also provided a proposed amended complaint, which names additional defendants and alleges further factual allegations.

Considering Plaintiff's motions, his objections, and the proposed amended complaint, and in light of the Magistrate Judge's previous consideration of this case, the Court has conducted a de novo review of the Report. Specifically, Plaintiff's amended complaint sets forth new allegations related to those set forth in his original pleading. As the Magistrate Judge is aware of the previously alleged facts,

the appropriate legal analysis, and the history of this case, the Court concludes it is best to recommit the case back to the Magistrate Judge. Hence, the Court recommits this matter back to the Magistrate Judge to decide (1) whether to grant Plaintiff's motion to amend, and (2) whether to grant his motion to supplement his pleadings.

IT IS SO ORDERED.

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

November 7, 2023
Columbia, South Carolina