UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHERWIN L. McFADDEN, #261189, | ) | Civil Action No. 4:23-cv-3695-TMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. Plaintiff also mentions the South Carolina Tort Claims Act (SCTCA), S.C.Code Ann. § 15-78-10 et seq. in his Amended Complaint. Presently before the Court is Attorney General Alan Wilson's Motion to Quash Summons (ECF No. 37). Plaintiff has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

On November 9, 2023, the undersigned entered an Order (ECF No. 28) authorizing service of Plaintiff's amended complaint on the above-captioned Defendants. Because Plaintiff is proceeding pro se and informa pauperis, the amended complaint, summonses and Forms US-285, as prepared by Plaintiff, were provided to the United States Marshals Service for service. Though not named as a defendant in this action, Plaintiff completed a summons and a Form US-285 directed to Attorney General Alan Wilson. See ECF No. 30. In addition, separate summonses were issued for Defendants Anthony Tishiro Inabinette, Taunjanese Nicole Meggett, and Ramirez Romero. See ECF No. 30. After being served with the summons and amended complaint, Wilson filed the present

motion.

Federal Rule of Civil Procedure 4 (hereinafter the "Rule(s)") governs the issuance of summons in United States District Courts. It reads:

a) Contents; Amendments.

(1) Contents. A summons must:

(A) name the court and the parties;
(B) be directed to the defendant;
(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
(D) state the time within which the defendant must appear and defend;
(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
(F) be signed by the clerk; and
(G) bear the court's seal.

(2) Amendments. The court may permit a summons to be amended.

(b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

Fed. R. Civ. P. 4(a),(b). Wilson argues that the summons as served on him is not proper because he is not a Defendant in this action. Indeed, nowhere in Plaintiff's amended complaint does he mention Wilson.

Wilson further argues that, to the extent Plaintiff was attempting to comply with Federal Rule of Civil Procedure 4(j)(2) and South Carolina Rule of Civil Procedure 4(d)(5), service is still improper. Federal Rule 4(j)(2) requires that a state-created governmental organization be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Wilson is not the chief executive officer of the South Carolina Department of Corrections, the entity named as a defendant in the Amended Complaint; thus, this Summons does not comply with Federal Rule 4(j)(A).

Subsection (B) requires service in compliance with state service rules. South Carolina Rule 4(d)(5) governs service on a state agency and requires, "delivering a copy of the summons and complaint to such officer or agency and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia." Wilson argues that this rule does not require that a separate summons be issued for the Attorney General, only that he be provided with a copy of the summons and complaint. Because Wilson is not a Defendant in this action, it is proper for the court to quash the summons issued to him.[1]

For the reasons discussed above, Wilson's Motion to Quash Summons (ECF No. 37) is **GRANTED**.

**IT IS SO ORDERED**.

          s/Thomas E. Rogers, III

          Thomas E. Rogers, III
          United States Magistrate Judge

August 19, 2024
Florence, South Carolina

---

[1] The court notes that no summons was issued for Defendant South Carolina Department of Corrections. Further, none of the Defendants that have been served have filed answers or otherwise appeared in this action.